IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| EARL LAMAR, | ) |
| | ) |
| Plaintiff, | )   2:19-CV-01414-CRE |
| | ) |
| vs. | ) |
| | ) |
| THE MON VALLEY INITIATIVE, | ) |
| | ) |
| Defendant, | ) |

**MEMORANDUM OPINION**[1]

Cynthia Reed Eddy, Chief United States Magistrate Judge.

This civil action involves Plaintiff Earl Lamar, who was formerly employed by Defendant The Mon Valley Initiative ("MVI"). Plaintiff's complaint sets forth a claim for third-party retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *See* Compl. (ECF No. 1). This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331.

Presently before the court is MVI's motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9). For the reasons that follow, MVI's motion to dismiss is denied.

I.  **Factual and Procedural Background**

Plaintiff was hired by MVI on July 11, 2017, as an Employment and Financial Coach. Compl. (ECF No. 1) at ¶ 8. Plaintiff's supervisor was Tracey Reaves ("Reaves"). *Id*. at ¶ 10. On

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. (ECF Nos. 9-11).

1

October 9, 2017, Sherman Jones ("Jones") was hired by MVI as an Administrative Assistant, and he was later promoted to Financial and Employment Coach, the same position held by Plaintiff. *Id*. at ¶ 11.  Plaintiff and Jones became friendly during their time working together, and during this time, Plaintiff witnessed Reaves act inappropriately with Jones. *Id*. at ¶ 13.  Plaintiff avers that Jones reported this inappropriate behavior to another co-worker, Camille Smith ("Smith"). *Id*. at ¶ 15.

According to Plaintiff, on April 27, 2018, Smith told MVI's Chief Executive Officer, Laura Zinski, and Chief Financial Officer, April Hoover, about Reaves' sexual harassment of Jones. *Id*. at ¶ 16.  Plaintiff avers that soon thereafter, he "began to notice a concerted effort on the part of [MVI] to cover up the accusation and to discourage anyone from corroborating [] Jones' complaints, as relayed by [] Smith to management." *Id*. at ¶ 17.  MVI terminated the employment of both Smith and Jones on May 18, 2018. *Id*. at ¶ 18.  Plaintiff believed that Smith's employment was terminated because she reported to MVI that Reaves sexually harassed Jones. *Id*. at ¶ 19.  When Plaintiff was questioned about Jones' accusations against Reaves, Plaintiff "purposefully provided vague answers." *Id*. at ¶ 20.

On August 7, 2018, Plaintiff "was called into a meeting" with Zinski, Reaves, and an attorney. *Id*. at ¶ 23.  Plaintiff avers that he "was accused by [] Zinski of instigating and engaging in efforts to undermine the organization." *Id*. at ¶ 24.  "Ten days later, on August 17, 2018, Plaintiff was terminated.  During his termination, he was specifically told that the quality of his work was not the motivation for the termination." *Id*. at ¶ 26.

On December 31, 2018, Plaintiff filed a charge of discrimination with the EEOC.  After receiving a right-to-sue letter, Plaintiff filed the instant complaint on October 30, 2019.  According to Plaintiff, MVI engaged in third-party retaliation against him to dissuade him from coming forward with relevant information related to Jones' sexual harassment claim against Reaves. *See*

*id*. at ¶ 37. It is Plaintiff's position that he was terminated "in retaliation for his exposure to the complaints of sexual harassment that were made in violation of Title VII, and his casual friendship with the accuser." *Id*. at ¶ 38.

On January 17, 2020, MVI filed the instant motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. Rule Civ. Pro. 12(b)(6) and brief in support thereof. (ECF Nos. 9, 10). On February 19, 2020, Plaintiff filed a response to MVI's motion. (ECF No. 16). As the present motion to dismiss has been fully briefed, it is now ripe for disposition. The court's analysis follows.

## II.     Standard of Review

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Generally, under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d

173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need to allege detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and be "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. [] Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

### III.   Discussion

In cases of third-party retaliation, courts first must consider whether the third-party is a person aggrieved who has standing to bring such a claim pursuant to Title VII. *See Thompson v.*

*N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011). "[N]ot all third-party reprisals are actionable under Title VII; the third-party must be within the zone of interests sought to be protected by Title VII." *Norfolk v. GEO Grp., Inc.*, 2020 WL 1873991, at *13 (W.D. Pa. 2020) (internal quotation marks omitted). "To determine whether a third-party retaliation claim is actionable, courts examine the degree of the relationship of the third-party to the individual who engaged in protected activity." *Id*. "There is no 'fixed class of relationships for which third-party reprisals are unlawful .... [but] that firing a close family member will almost always' fall within the zone of interest and 'inflicting a milder reprisal on a mere acquaintance will almost never do so[.]'" *Sterner v. Cty. of Berks, Pa.*, 2014 WL 1281241, at *8 (E.D. Pa. 2014) (internal quotation marks omitted). "[T]he significance of any given act of retaliation will often depend upon the particular circumstances." *Id.*

In *Sterner*, one of the plaintiffs, Austin, claimed he was terminated from his position because he was friends with two individuals who filed sexual harassment complaints against the defendant. The defendant moved for summary judgment against Austin, claiming that he lacked standing to assert his third-party retaliation claim because he was not included within Title VII's zone of interest. The district court considered "the spectrum between close family member and mere acquaintance," and concluded that the Austin's friendship fit "within the zone of interest protected by Title VII," and therefore "jury must determine whether Austin proved retaliation based on his friendship." *Sterner*, 2014 WL 1281241, at *8.

Instantly, Plaintiff avers that he "worked in close quarters with [Jones] after his promotion, and the two developed a casual work friendship." Compl. (ECF No. 1) at ¶ 12. Friendship, under some circumstances, can fit within the zone of interest protected by Title VII. *See Crawford v. George & Lynch, Inc.*, 2012 WL 2674546, at *3 (D.Del. 2012) ("Thus, a reprisal against another employee, who is a relative or close friend of the subject employee alleging the employment

5

violation, may support a charge of retaliation under Title VII."). Based on the foregoing and cognizant that this court is considering a motion to dismiss, it is appropriate to provide Plaintiff the opportunity to conduct discovery to determine the scope of the relationship between he and Jones. Accordingly, this court denies MVI's motion to dismiss on this basis.

This court now considers MVI's arguments with respect to Plaintiff's failure to establish a *prima facie* case. "To establish a *prima facie* case of third-party retaliation, the plaintiff must demonstrate: (1) another worker engaged in protected activity; (2) the defendant took adverse employment actions against the plaintiff; and (3) there was a causal connection between the adverse action taken against the plaintiff and the other worker's protected activity." *Norfolk*, 2020 WL 1873991, at *14. MVI specifically challenges the first and third elements of the *prima facie* case. *See* MVI's Br. (ECF No. 10) at 11-20.

"[F]or purposes of pleading sufficiency, a complaint need not establish a *prima facie* case [of third-party retaliation] in order to survive a motion to dismiss. A *prima facie* case is an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788-89 (3d Cir. 2016) (internal citation and quotation marks omitted). Thus, to survive a motion to dismiss, Plaintiff must only plead "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of the elements of a *prima facie* case of third-party retaliation. *Id.* at 789.

First, MVI contends that Plaintiff has failed to allege that another employee engaged in protected activity. *See* MVI's Br. (ECF No. 10) at 5 ("Conspicuously absent from Plaintiff's Complaint is any allegation that Plaintiff or his coworkers, Ms. Smith and/or Mr. Jones, engaged in any activity that would constitute protected activity under Title VII."). "An employee engages

in protected activity by complaining to his or her employer about conduct that is prohibited by Title VII." *Ellingsworth v. Hartford Fire Ins. Co.*, 247 F. Supp. 3d 546, 555 (E.D. Pa. 2017). Those complaints "may consist of 'formal charges of discrimination as well as informal protests of discriminatory employment practices.'" *Kier v. F. Lackland & Sons, LLC*, 72 F. Supp. 3d 597, 616 (E.D. Pa. 2014) (quoting *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995) (internal quotations omitted)). "In order to constitute protected activity, however, a complaint 'must be specific enough to notify management of the particular type of discrimination at issue.'" *Id.*

Instantly, Plaintiff avers that "[o]n April 27, 2018, Ms. Smith informed Laura Zinski, the CEO of [MVI], and April Hoover, the CFO of [MVI], that Ms. Reaves had acted 'inappropriately' with regards to Mr. Jones, and described the comments Ms. Reaves had made about Mr. Jones eyes. Ms. Smith went on to state that Ms. Reaves actions made Mr. Jones feel 'uncomfortable.'" Compl. (ECF No. 1) at ¶ 16. At this stage of proceedings, this information is adequate "to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Phillips*, 515 F.3d at 234 (internal quotation marks omitted). Plaintiff is entitled to conduct discovery to determine exactly what information Smith communicated to Zinski and Hoover in order to determine whether Smith engaged in protected activity. Accordingly, this court denies MVI's motion to dismiss on this basis.

Finally, MVI argues that Plaintiff's complaint should be dismissed because he has failed "to plead any facts that raise an inference of causation between any alleged protected activity and his termination on August 17, 2018." MVI's Br. (ECF No. 10) at 10. "Unusually suggestive temporal proximity between the protected activity and the adverse action may be alone sufficient to create an inference of causality." *Sterner*, 2014 WL 1281241, at *6. "Absent temporal proximity, circumstantial evidence of a pattern of antagonism following the protected conduct or

the proffered evidence, looked at as a whole may raise an inference of discrimination." *Id*. (internal quotation marks omitted).

In *Sterner*, the alleged protected activity occurred in December 2010, and Austin was fired in August 2011. In considering this timeframe, the court concluded, based upon the evidence developed during discovery, that there was "sufficient evidence for a reasonable jury to infer retaliatory animus or ongoing antagonism despite the eight-month gap." *Sterner*, 2014 WL 1281241, at *8. In the instant matter, Plaintiff has asserted that Smith engaged in protected activity on April 28, 2018, and Plaintiff was fired less than four months later, in August 2018. Moreover, Plaintiff has alleged that he "was accused by Ms. Zinski of instigating and engaging in efforts to undermine the organization." Compl. (ECF No. 1) at ¶ 24. Based on the foregoing, it is appropriate for this court to permit Plaintiff to conduct discovery on the issue of causation; therefore, this court denies MVI's motion to dismiss on this basis.

### IV. Conclusion

Having concluded that Plaintiff has set forth adequate facts to entitle him to conduct discovery on his claims, MVI's motion to dismiss is denied.

Dated: July 27, 2020 .

BY THE COURT:

s/ Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: Counsel of record
*via electronic filing*

8